Pat TONNEMACHER and Charles B. Ackerman, et al., Plaintiffs,

v.

Timothy L. SASAK and Paula Sasak, husband and wife, et al., Defendants.

No. CIV 89–201 PHX SMM.

United States District Court, D. Arizona.

Sept. 9, 1993.

---

**446**

Joseph W. Bell, Fredrick P. Furth, Daniel S. Mason, Brien Kirk, Furth, Fahrner & Mason, San Francisco, CA, R. Chip Larsen, James J. Farley, Farley Robinson & Larsen, Mesa, AZ for plaintiffs.

David W. Dow, Robert Clifford Hackett, John R. Hoopes, Bridget M. Gaughan, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, AZ, for defendant Anchor Nat. Financial Services.

Robert Clifford Hackett, John R. Hoopes, Mohr, Hackett, Pederson, Blakley, Randolph & Haga, P.C., Phoenix, AZ, for defendants Sunamerica and Broad, Inc.

David B. Rosenbaum, Edwin F. Hendricks, Catherine O'Grady, Meyer, Hendricks, Victor, Osborn & Maledon, P.A., for defendant McDermott, Will & Emery.

David Lawrence Abney, Dan M. Durrant, Streich Lang, P.A., Hal Michael Clyde, Michael W. Patten, Lynne Christensen Adams, Charles Buren Cliett, Jr., Carol A. Colombo, Brown & Bain, P.A., Phoenix, AZ, for defendant Touche, Ross & Co.

Kathleen Coughenour DeLaRosa, Craig R. Kepner, Jennings, Kepner & Haug, Phoenix, AZ, for defendant Alaxander Koller.

Kathleen Coughenour DeLaRosa, Craig R. Kepner, Jennings, Kepner & Haug, Michael John Raymond, Raymond, Greer & Sassaman, P.C., Phoenix, AZ, for defendant J. Patrick McCarthy.

Kathleen Coughenour DeLaRosa, Craig R. Kepner, Jennings, Kepner & Haug, Phoenix, AZ, for defendant Richard R. Morrow, III.

Larry G. Haddy, Phoenix, AZ, Moss & Barnett, P.A., Minneapolis, MN, for Creative Equity Resources, Inc.

David G. Burlingame, Denver, CO, Neil Vincent Wake, Nancy G. Oyen, Phoenix, AZ, for defendant Multi–Financial Securities.

Tom Galbraith, Jenae Rose Naumann, Lewis & Roca, Phoenix, AZ, for defendant Washington Life.

Lawrence E. Wilk, Leon Benjamin Silver, Bonnie Lee Booden, Jaburg & Wilk, P.C., Phoenix, AZ, for movant James C. Sell.

## MEMORANDUM OF DECISION AND ORDER

McNAMEE, District Judge.

Defendant Touche Ross & Co. ("Touche") has filed an objection to the proposed settlement between plaintiffs and defendants Anchor Financial Services ("Anchor"). The Plaintiffs and Defendant Anchor filed responses to the objection.

The first issue before the court is whether Touche has standing to object to the proposed settlement. The general rule is that non-settling defendants lack standing to object to partial settlements unless the non-settling defendants can show that they will suffer formal legal prejudice if the settlement goes forward. *Waller v. Financial Corp. of America,* 828 F.2d 579, 582–584 (9th Cir. 1987).

Touche contends that it will be prejudiced if the settlement goes forward because Touche will be precluded from attributing fault at trial. Touche argues that as a result of this preclusion, Touche may be held liable for millions in damages attributable to the fault of Anchor, even though Touche would have no recourse against Anchor for contribution.

The Court disagrees. Indeed, Touche is not legally precluded from seeking contribution from Anchor. Nothing in the proposed settlement precludes Touche from bringing defendant Anchor back into this lawsuit as a third-party defendant. Because of this, there is no "legal" prejudice. Of course, Touche may very well suffer prejudice in actuality if it is unable to collect any contribution from Anchor, given Anchor's limited financial resources. But, this is not the kind of prejudice contemplated by the Ninth Cir-

cuit in *Waller* which gives a non-settling defendant standing to object to a partial settlement.

█ Even though the Court finds that Touche lacks standing to object to the proposed settlement, the Court will go forward and address the merits of the objection.

In its objection, Touche argues the proposed settlement cannot go forward because it violates previous orders of this Court which Touche contends established the law of the case regarding the apportionment of fault amount between settling and non-settling defendants. In this Court's June 10, 1991 Order, this Court stated:

"At trial, the jury will be asked not only to determine the total dollar damage amount (if any), but also the percentage of culpability (if any) of each of the non-settling defendants, as well as the settling defendants. The non-settling defendants' liability (including new defendants who are added as parties), if any, for all claims asserted or assertable by the Plaintiff Class, whether such claims arise under state or federal law, is limited to the non-settling defendants' actual percentage of liability for the amount of total damages to be determined at trial; and by agreement of the parties, the non-settling defendants' liability, if any shall be so limited regardless of any modification of the proportionate fault rule described in *Franklin v. Kaypro*, 884 F.2d 1222 (9th Cir.1989).

This rule was re-confirmed in a later order of this Court which was dated November 3, 1992, at p. 6.

This Court propounded the above-stated rule of apportionment in the context of prior partial settlements in this case. In those prior settlements, the settlement agreements provided that non-settling defendants would be barred from seeking contribution from those specific settling defendants. Because of the contribution bar in those partial settlements, this Court found that the *Franklin v. Kaypro Corp.*, 884 F.2d 1222 and equity principles mandated imposition of the proportionate fault rule.

In *Kaypro*, the Ninth Circuit explained that unless settling defendants seek and ob-

tain an order barring contribution claims, non-settling defendants remain jointly liable for all damages caused to the plaintiff by violation of the federal securities laws. 884 F.2d at 1226. In that context, non-settling defendants, in theory, can limit their exposure to liability to their relative culpability by seeking contribution from the defendants who have settled for less than their proportionate share. *Id.* However, when the settling defendants have the protection of a contribution bar, the defendants lose their right to seek contribution from other tortfeasors. *Id.* In that context, it is only fair to allow the non-settling defendants another way to limit their liability to relative culpability. *Id.* The court in *Kaypro* found that this could be done by giving the non-settling defendants a judgment reduction amounting to the proportionate share of culpability of the settling defendants. *Id.*

The Plaintiffs and Defendant Anchor contend that the proportionate share rule propounded by this Court in relation to earlier partial settlements is not the law of the case, rather they assert it is merely the law in regard to those settlements. In the present proposed partial settlement, the agreement does not bar non-settling defendants from seeking contribution from the settling Defendant Anchor. Accordingly, the Plaintiffs and Defendant Anchor contend that the non-settling defendants will not be precluded from exercising their right to contribution against Anchor. In light of this, they argue that the imposition of the *Kaypro* proportionate share rule as to Anchor is inappropriate. The Court agrees.

Notably, if Anchor did not settle, and Touche and Anchor were the only remaining defendants at trial, then those two defendants would be jointly and severally liable for any judgment rendered by the jury, less the proportionate share of the settling defendants who are protected from contribution. In such case, the plaintiffs would be entitled to enforce the entire judgement jointly owed by Touche and Anchor against either defendant. If Anchor could only pay one dollar, then Touche would be responsible for the balance of the judgment. Of course, Touche could later seek contribution from Anchor.

Allowing a proportionate share rule when there is no contribution bar unfairly puts the non-settling defendants in a better position than they would have been in if no defendants settled.

The Court finds that the proportionate share rule is not the "law of the case." The Court will therefore deny Defendant Touche's objection to Defendant Anchor's settlement.

This decision is not inconsistent with this Court's order of June 10, 1991.

**IT IS THEREBY ORDERED** denying Defendant Touche's objection to the proposed settlement between the Plaintiffs and Defendant Anchor.